J-S56014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS FERREY | |
| Appellant | No. 492 MDA 2014 |

Appeal from the Judgment of Sentence January 13, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000027-2013

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 16, 2014**

Appellant, Thomas Ferrey, appeals from the judgment of sentence entered January 13, 2014, by the Honorable Joseph M. Augello, Court of Common Pleas of Luzerne County.  On appeal, Ferrey argues that the trial court erred when it failed to suppress the results of his blood alcohol content (BAC) analysis.  We affirm.

On September 2, 2012, at approximately 7 p.m. or shortly thereafter, Brian Bridge left work.  *See* N.T., Suppression Hearing, 9/23/13 at 4-5.  Ten to fifteen minutes later, while travelling on Route 93, Bridge began to turn on to Zenith Road when he was rear-ended in mid-turn by a motorcycle

_____

[*] Retired Senior Judge assigned to the Superior Court.

operated by Ferrey. *See id*. at 6-7. Bridge's mother arrived on the scene fifteen minutes later and called the police. *See id*.

State Trooper Michael Wienckoski arrived at the scene of the accident at 7:50 p.m. When Trooper Wienckoski spoke with Ferrey, he observed Ferrey had slurred speech, glossy eyes, and a strong odor of alcohol emanating from his person. *See id*. at 27-28. Trooper Wienckoski then administered a portable breath machine test, which Ferrey failed. *See id*. at 29-30. Ferrey was subsequently placed under arrest for suspicion of driving under the influence of alcohol. *See id*. at 31. Ferrey's blood was drawn at a local hospital at 9:02 p.m. for BAC analysis. *See id*. at 34.

Ferrey was charged with DUI – general impairment,[1] DUI – high rate of alcohol,[2] careless driving,[3] and following too closely.[4] On May 22, 2013, Ferrey filed a pre-trial motion to suppress the results of the BAC test, based upon the Commonwealth's alleged failure to prove Ferrey's blood had been drawn within two hours after he drove a vehicle as required under 75 Pa.C.S.A. § 3802(b). Following an evidentiary hearing, the trial court denied Ferrey's suppression motion. Following a stipulated bench trial, the trial court found Ferrey guilty of DUI – high rate of alcohol, and not guilty of the

---

[1] 75 Pa.C.S.A. § 3802(a)(1).
[2] 75 Pa.C.S.A. § 3802(b).
[3] 75 Pa.C.S.A. § 3714.
[4] 75 Pa.C.S.A. § 3310.

remaining summary charges.[5]    On January 13, 2014, the trial court sentenced Ferrey to 48 hours to six months' imprisonment.    This timely appeal followed.

On appeal, Ferrey raises the following issue for our review:

> Whether the suppression court erred in admitting a blood alcohol test of the [Appellant] where the Commonwealth failed to prove that the test was taken within two hours after the [Appellant] operated his vehicle, and where the Commonwealth failed to prove any "good cause" for a delay beyond two hours in obtaining the [Appellant's] blood?

Appellant's Brief at 2.

We review the denial of a motion to suppress physical evidence as follows:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.

> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

> Further, [i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.

---

[5] The general impairment DUI charge was dismissed prior to trial.

- 3 -

*Commonwealth v. Houck*, 2014 WL 4783552 at *10 (Pa. Super., filed Sept. 26, 2014) (internal citations and quotations omitted).

Section 3802(b) provides:

(b) High rate of alcohol.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% *within two hours* after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. §§ 3802(b) (emphasis added). "The necessity for the two hour time limit in subsections 3802(a)(2), (b), and (c) is grounded in the practical impossibility either of measuring blood alcohol level precisely at the time of driving or of calculating the exact blood alcohol level at the time of driving from a single blood alcohol measurement taken at some point in time after driving." *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

Ferrey maintains that the Commonwealth failed to establish that his blood was drawn for testing within two hours of driving and, therefore, the trial court should have suppressed the BAC results. We disagree. Bridge testified at the suppression hearing that he left work at "7:00 [p.m.] or a little after" and that the accident occurred "around 10, 15" minutes later. N.T., Suppression Hearing, 9/23/13 at 5, 7. Trooper Wienckoski arrested Ferrey and observed that Ferrey's blood was drawn at 9:02 p.m. *See id*. at 34. As we can deduce from Bridge's testimony that Ferrey drove his motorcycle into the rear of Bridge's vehicle approximately between 7:10 and 7:15 p.m., the blood drawn at 9:02 p.m. falls squarely within the two-hour

period of section 3802(b). We find the Commonwealth sufficiently established that Ferrey's blood was drawn within two hours of driving as required. We therefore affirm the order denying Ferrey's suppression motion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2014